[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 15, 2005
THOMAS  K. KAHN
CLERK

_____

No. 04-13707

_____

D.C. Docket No. 04-80042-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN KITZELMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 15, 2005)**

Before DUBINA and WILSON, Circuit Judges, and COOGLER*, District Judge.

PER CURIAM:

_____
*Honorable L. Scott Coogler, United States District Judge for the Northern District of Alabama, sitting by designation.

John Kitzelman appeals his 188 month sentence imposed after he pled guilty to one count of possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 924(g)(1), 924(a)(2). Kitzelman originally contended that the district court's finding that he was subject to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)[1] violated the Sixth Amendment. At sentencing, Kitzelman objected based on both *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004). Kitzelman's ACCA enhancement argument is without merit; however, we conclude that Kitzelman's objections were sufficient to preserve *Booker*[2] error. *See United States v. Dowling*, 403 F.3d 1242 (11th Cir. 2005).

The district court determined that Kitzelman's guideline range was 188 - 235, months and then applying the guidelines as mandatory, sentenced him to 188 months. While the district court followed the correct procedure as it then existed, the district court's mandatory application of the guideline range constituted what this Court has referred to as a statutory *Booker* error. *See United States v. Mathenia*, 409 F.3d 1289, 1291 (11th Cir. 2005).

---

[1] 18 U.S.C. § 924(e) provides for a mandatory minimum sentence of fifteen years.

[2] *United States v. Booker*, 125 S. Ct. 738 (2005).

We will only reverse Kitzelman's sentence if we determine that the error was harmful. *See United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005). A "[statutory] error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the verdict, 'or had but very slight effect.' If one can say 'with fair assurance . . . that the judgment was not substantially swayed by the error,' the judgment is due to be affirmed even though there was error." *United States v. Hornaday*, 392 F.3d 1306, 1315-16 (11th Cir. 2004) (internal citations omitted) (quoting *Kotteakos v. United States*, 328 U.S. 750, 762-63 (1946)).

After reviewing the transcript of the sentencing hearing, we cannot say that the *Booker* statutory error was harmless. Even though the defendant cannot be sentenced to less than 180 months, the district court must resentence him, treating the sentencing guidelines as advisory rather than mandatory.

VACATED AND REMANDED.