[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 1, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13550
Non-Argument Calendar

_____

D. C. Docket No. 04-80042-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN KITZELMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 1, 2007)**

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

This is John Kitzelman's second time to appear before us to appeal a 188-

month prison sentence he received as a result of his April 2004 guilty plea to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On appeal of his first 188-month sentence, we remanded his case to the district court to "resentence him, treating the sentencing guidelines as advisory rather than mandatory," in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). See United States v. Kitzelman (Kitzelman I), 140 Fed. Appx. 931, 932 (11th Cir. 2005) (unpublished).

Complying with those instructions, the district court on remand again sentenced Kitzelman to 188 months. And as it had done in the original sentence hearing, the district court based its sentence in part on its finding that Kitzelman's prior felony convictions included one "violent felony" and two "serious drug offense[s]" within the meaning of the Armed Career Criminal Act, 18 U.S.C. § 922(e)(1). Under the ACCA, any person having "three previous convictions . . . for a violent felony or . . . serious drug offense" who violates § 922(g) is subject to a mandatory minimum sentence of fifteen years. 18 U.S.C. § 922(e)(1).

Here, on appeal of this second 188-month sentence, Kitzelman simply repeats a contention he made in his previous appeal with respect to his first 188-month sentence. For a second time, Kitzelman complains that the district court violated his rights under the Sixth Amendment when it (and not a jury) found that

2

his prior felony convictions counted under the ACCA as predicate convictions for the fifteen-year mandatory minimum sentence. This time, he cites not only Booker and its forbears, but also the Supreme Court's decision in Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254 (2005), which was decided during the pendency of his first appeal and which "limit[ed] the scope of judicial factfinding on the disputed . . . character of a prior [conviction]" for purposes of increasing a defendant's potential sentence under statutes like the ACCA. Id. at 25, 125 S. Ct. at 1262.

Under the decisions of the Supreme Court and of this Court, we doubt that Kitzelman can succeed on the merits of this contention. See United States v. Greer, 440 F.3d 1267, 1275 (11th Cir. 2006) (noting that "Shepard does not bar judges from finding whether prior convictions qualify for ACCA purposes; it [merely] restricts the sources or evidence that a judge (instead of a jury) can consider in making that finding"). A more fundamental problem for Kitzelman is that we cannot even consider the merits issue, because he made a substantially identical argument on his first trip to this Court, and we rejected it as "without merit." See Kitzelman I, 140 Fed. Appx. at 931. Under our "law of the case" doctrine, both the district court and this Court are bound by that legal conclusion. See United States v. Robinson, 690 F.2d 869, 872 (11th Cir. 1982) ("Under the law

3

of the case doctrine, both the district court and the court of appeals generally are bound by findings of fact and conclusions of law made by the court of appeals in a prior appeal of the same case.")

There are exceptions to the "law of the case" doctrine. They account for new evidence produced at a subsequent trial, allow for changes in controlling authority on a particular issue after the initial appellate disposition of the case, or seek to prevent "manifest injustice" if the prior appellate decision was "clearly erroneous." See id. But none of the exceptions apply here. Kitzelman does not squarely address any of them, instead stating that he is making the argument "in the event that the Supreme Court does in fact reconsider its decision" in cases such as Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998) (where the Supreme Court held that the factual issue of whether a defendant has previously been convicted of an "aggravated felony" for sentence enhancement purposes is not to be treated as an element of the offense for constitutional purposes).

**AFFIRMED.**